MILTON JUDD *vs.* LEVI GIBBS & another.

By the Rev. Sts. c. 101, §§ 15, 24, an application for the assessment of rents and profits upon a writ of entry cannot be made after verdict for the demandant on the title, unless an order is passed by the court, before such verdict is recorded, postponing the assessment.

DEWEY, J. This is an application by the demandant for further proceedings in a real action, in which a verdict was rendered

in his favor at the last September term of this court, and subsequently judgment rendered thereon, but no execution or further process issued. The object of the demandant is to have damages assessed in this action for the rents and profits of the premises, during the time for which they have been occupied since his title accrued.

The objection of the tenants is, that the application for a recovery of rents and profits comes too late. The Rev. Sts, *c.* 101, § 15, enact that if an issue of fact is tried in any real action, and found for the demandant, the jury shall, at the same time, assess his damages for the rents and profits, unless it shall be otherwise ordered by the court, as hereinafter provided. Section 24 makes the further provision, that if it shall appear to the court, on the motion of either party, that it would be more convenient to postpone the assessment of the sums due to the demandant for rents and profits, until after the trial of the title and a verdict thereon, the court may make an order for that purpose, at any time before the verdict on the title is recorded.

This application comes too late. If the case were properly before us, therefore, and waiving all question arising as to the same being properly on the docket, this motion must be denied. The only mode of effecting the object would be for the demandant to obtain leave to set aside the verdict generally, and on a future trial to submit, with the question of title, his demand for rents and profits ; or procure an order from the court, before the verdict was taken and recorded, postponing the assessment of damages for rents and profits. This the demandant does not desire to do. The result is therefore that the petition must be dismissed.

*H. L. Dawes*, (*I. Sumner* with him,) for the demandant.

*J. Rockwell*, for the tenants